

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

# FILED

**MAR 1 0 2014**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

March 6, 2014

Tobin J. Romero, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

**RE:     Jeffrey E. Thompson, a/k/a Geoffrey E. Thompson**

Dear Mr. Romero:

This letter sets forth the full and complete plea offer to your client, Jeffrey E. Thompson, a/k/a Geoffrey E. Thompson (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "this Office" or "the Office"), the United States Department of Justice, Tax Division, and the United States Department of Justice, Criminal Division, Public Integrity Section (hereinafter referred to collectively as "the Government" or "the United States"). This plea offer expires on March 11, 2014. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter "this Agreement"). This is a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The terms of the offer are as follows:

1.     **Charges and Statutory Penalties**

Your client agrees to plead guilty to a two count criminal Information, a copy of which is attached, charging your client with one count of federal conspiracy, in violation of 18 U.S.C. § 371, 2 U.S.C. §§ 441a, 441b, 441f, and 437g(d)(1)(A)(i), and 26 U.S.C. § 7206(2) (Count One), and one count of conspiracy under the laws of the District of Columbia, in violation of D.C. Code § 22-1805a(a)(1) (Count Two).

Your client understands that a violation of 18 U.S.C. § 371 carries a maximum sentence of five years imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3) and (d); a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines not timely made. In addition, your client agrees to pay a special assessment of

$100 per felony conviction to the Clerk of the United States District Court for the District of Columbia.

Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* (2013) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), in determining whether to impose a fine, the Court must consider the costs to the federal government of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

Your client understands that a violation of D.C. Code § 22-1805a(a)(1) carries a maximum sentence of five years imprisonment; a fine of $10,000; and a term of supervised release of not more than three years. In addition, your client agrees to pay a $250 special assessment for the Crime Victims Assistance Fund, pursuant to D.C. Code § 4-516.

### 2.    Factual Stipulations

Your client agrees to execute a "Statement of Offense" as a written proffer of evidence that fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty.

### 3.    Additional Charges

In consideration of your client's guilty plea to the above offenses, the United States agrees not to further prosecute your client for any non-violent offense committed prior to the date of this Agreement (a) that is or was known to the United States as of the date of this Agreement, (b) that is or was within the scope of any pending or preceding investigation as of the date of this Agreement, or (c) based on information provided orally by your client during the course of debriefings conducted in anticipation of this Agreement or on any information directly or indirectly derived from such information. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or D.C. Code § 22-4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

### 4.    Agreed Sentencing Limitations Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Rules"), your client and the Government agree that: (a) any sentence of incarceration will not exceed 18 months, followed by up to three years of supervised release, for the federal offense to which your client is pleading guilty in Count One, Conspiracy, in violation of 18 U.S.C. § 371; and (b) any sentence of incarceration will not exceed six months, followed by up to three years of supervised release, for the District of Columbia offense to which your client is pleading guilty in Count Two, Conspiracy, in violation of 22 D.C. Code § 1805a(a)(1). This Agreement with respect to

the appropriate sentence affects only the terms of incarceration and supervised release. The Court may impose other applicable statutory provisions as part of the sentence, including specifically fines and other conditions of supervised release.

In addition, if your client complies with his obligations under this Agreement, then the Office will request, pursuant to Rule 48(a), that the Court dismiss Count One of the Information at the time of sentencing, and the Court shall dismiss Count One of the Information at sentencing, pursuant to Rule 48(a) and Rule 11(c)(1)(C). Your client agrees and acknowledges that there is a factual basis for the charge in Count One.

## A.    Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, and your client complies with his obligations under this Agreement, then the Office shall request that the Court dismiss Count One of the Information, pursuant to Rule 48(a), and the Court shall dismiss Count One of the Information, pursuant to Rule 48(a) and Rule 11(c)(1)(C). Thereafter, the Court may sentence your client to a maximum of six months of incarceration, followed by a maximum of three years of supervised release, on Count Two of the Information. If the Court accepts this Agreement, but your client fails to comply with his obligations under this Agreement, then the Court may sentence your client to a maximum of (i) 18 months of incarceration, followed by three years of supervised release, on Count One of the Information, and (ii) six months of incarceration, followed by three years of supervised release, on Count Two of the Information. Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

## B.    Rejection of this Agreement by the Court

The parties understand that the Court may not agree that the sentencing limitations agreed to by the parties are appropriate and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges.

If the Court rejects this Agreement, your client elects to maintain this plea, and the Government does not exercise its right to withdraw from this Agreement, the parties agree that your client will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. Your client further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to

impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

5. **Sentencing Guidelines Analysis - Federal**

In accordance with Paragraph 4 above, your client understands that, but for the above described agreed sentencing limitations pursuant to Rule 11(c)(1)(C), the sentence for Count One in this case would be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines and policies promulgated by the Sentencing Guidelines.

Based upon the information now available to this Office, your client has no criminal convictions. Accordingly, your client is estimated to have zero criminal history points and your client's Criminal History Category is estimated to be I.

6. **Sentencing Guidelines Analysis – District of Columbia**

In accordance with Paragraph 4 above, but for the above described agreed sentencing limitations pursuant to Rule 11(c)(1)(C), your client understands that the sentence for Count Two in this case would be determined by the Court, pursuant to the District of Columbia Voluntary Sentencing Guidelines.

7. **Court Not Bound by this Agreement or the Sentencing Guidelines**

In accordance with Paragraph 4 above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the parties further agree that a sentence within the statutory maximum for Count One would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, your client reserves the right to seek a sentence below the statutory maximum based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), and the Government reserves the right to seek a sentence at the statutory maximum based on § 3553(a) factors.

Your client understands that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the sentence in this case for Count One will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Office's recommendation nor the Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offenses authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and

does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement. Moreover, it is understood that, under these circumstances, your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation.

### 8.   Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. In the event that the Court considers any Sentencing Guidelines adjustments, departures, or calculations different from any agreements contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court. In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### 9.   Conditions of Release

Your client acknowledges that, although the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community. Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

## 10.    Cooperation

Subject to the Court's acceptance of this Agreement, your client agrees to cooperate with the Office of the United States Attorney for the District of Columbia on the following terms and conditions:

(a)    Your client shall cooperate fully, truthfully, completely, and forthrightly with this Office and other Federal and District of Columbia law enforcement authorities identified by this Office in any and all matters as to which the Government deems the cooperation relevant, including without limitation any and all public corruption matters involving District of Columbia or federal campaigns, candidates, and public officials.   Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking government-administered polygraph examination(s); and participating in covert law enforcement activities.   Any refusal by your client to cooperate fully, truthfully, completely, and forthrightly as directed by this Office and other Federal and District of Columbia law enforcement authorities identified by this Office in any and all matters in which the Government deems your client's assistance relevant will constitute a breach of this Agreement by your client, and will relieve the Government of its obligations under this Agreement, including, but not limited to, its obligation to inform this Court of any assistance your client has provided.   Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of your client's obligations under this Agreement.

(b)    Unless a valid privilege applies, your client shall promptly turn over to the Government, or other law enforcement authorities, or direct such law enforcement authorities to, any and all evidence of crimes about which your client is aware.

(c)    Your client agrees to dismiss his pending petition for a writ of certiorari in the Supreme Court of the United States, captioned *In re Sealed Case*, Case No. 13-499 (filed Sept. 26, 2013), and to consent to the Government's review of non-privileged records seized during the execution of search warrants at your client's residence and former office on March 2, 2012.

(d)    Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(e)    Your client shall testify fully, completely, and truthfully before any and all Grand Juries in the District of Columbia and elsewhere, and at any and all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the Government.

(f)    Your client understands and acknowledges that nothing in this Agreement allows your client to commit any criminal violation of local, state, or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case.   The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this Agreement and will relieve the Government of all of its obligations under this Agreement, including, but not limited to, its

obligation to inform this Court of any assistance your client has provided. However, your client acknowledges and agrees that such a breach of this Agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of the obligations under this Agreement.

(g)     Your client agrees to abide by any and all release conditions imposed by the Court.

## 11.    Waivers

### a.     Statute of Limitations

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason other than dismissal pursuant to Paragraph 4 of this Agreement, any prosecution, based on the conduct set forth in the Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the Statement of Offense that is not time-barred on the date that this Agreement is signed.

### b.     Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination with regard to the conduct set forth in the Statement of Offense and information provided orally by your client in connection with or pursuant to this Agreement, unless the Court rejects this Agreement.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.  Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it, except where the Court rejects this Agreement under Rule 11(c)(5).  If the Court rejects this Agreement, the prohibitions on the admissibility of pleas, plea discussions, and related statements apply, including without limitation to the Statement of Offense and to any information provided in connection with or pursuant to this Agreement.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court.  Your client understands that the date for sentencing will be set by the Court.

### c.      Appeal Rights

Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances.  Your client agrees to waive the right to appeal the sentence in this case, including any term of imprisonment, fine, forfeiture, award of restitution, term of supervised release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court, or in contravention of this Agreement, in which case your client would have the right to appeal the illegal sentence or above-guidelines sentence, but not to raise on appeal other issues regarding the sentencing.  In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### d.      Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, (a) a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel in entering into this Agreement; and (b) a motion brought under 18 U.S.C. § 3582(c)(2).

### e.      Privacy Act and FOIA Rights

Your client also agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including and without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### f.  Witness Fees

Your client further agrees to waive all rights, claims, or interest in any witness fee that your client may be eligible to receive pursuant to 28 U.S.C. § 1821 for your client's appearance at any grand jury, witness conference, or court proceeding, during the course of your client's cooperation pursuant to this Agreement.

### 12.  Use of Self-Incriminating Information

The Government agrees pursuant to U.S.S.G. § 1B1.8(a), that self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, and about which the Government had no prior knowledge or insufficient proof in the absence of your client's admissions, will not be used by the Government at the time of sentencing for the purpose of determining the applicable guideline range. However, all self-incriminating information provided by your client may be used for the purposes and in accordance with the terms identified in U.S.S.G. § 1B1.8(b).

### 13.  Restitution

Your client understands that the Court has an obligation to determine whether, and in what amount, if any, mandatory restitution applies in this case under 18 U.S.C. § 3663A. The parties agree that restitution is neither mandatory nor applicable to the offenses of conviction.

Nevertheless, should the Court determine that mandatory restitution applies, payments of restitution shall be made to the Clerk of the Court. Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

### 14.  Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will

have breached this Agreement.  In the event of a material breach:  (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off–the–record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

In the event of a dispute as to whether your client has committed a material breach of this Agreement, and the United States wants to exercise its rights under this Agreement, and if your client requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding.  Your client understands and agrees that the Government shall be required to prove a material breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a material breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement.  Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses.  Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a material breach of this Agreement.  In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

### 15.    Government's Obligations

The Government will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

This Office will evaluate the full nature and extent of your client's cooperation prior to sentencing. If your client has fully cooperated in accordance with your client's obligations under this Agreement, the Office will request that the Court dismiss Count One of the Information at the time of sentencing and the Court will dismiss Count One at the time of sentencing, pursuant to Rule 48(c) and Rule 11(c)(1)(C).  In addition, if this Office determines that your client has fully cooperated in accordance with your client's obligations under this Agreement, this Office will bring your client's cooperation to the attention of the Court and, with respect to Count Two, may recommend a sentence at the low-end of the applicable advisory Guidelines range, including a sentence of probation or home detention.  In the event your client fails to comply with his obligations under this Agreement, the Government will be free from its obligations under this Agreement, and will have no obligation to call your client's cooperation to the Court's attention.

16.   **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia, the Tax Division of the United States Department of Justice, and the Public Integrity Section of the Criminal Division of the United States Department of Justice. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor, except as provided above. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than March 11, 2014.

Sincerely yours,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447889

By:

Michael K. Atkinson, D.C. Bar No. 430517
Loyaan A. Egal, New York Bar
Lionel Andre, D.C. Bar No. 422534
Ellen Chubin Epstein, D.C. Bar No. 442861
Jonathan P. Hooks, D.C. Bar No. 468570
Ephraim (Fry) Wernick, D.C. Bar No. 497158
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530

### DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorney, Tobin J. Romero, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorneys in connection with this Agreement and matters related to it.

Date: 3/7/14

Jeffrey E. Thompson
Defendant

### ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, Jeffrey E. Thompson, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 3/7/14

Tobin J. Romero
Attorney for Defendant



U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 8, 2014

*Let this be filed with
plea letter if agreement*
*Judge CKollar-Kotly*
*March 10, 2014*

**BY EMAIL**

The Honorable Colleen Kollar-Kotelly
United States District Court
District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001

Re:    United States v. Jeffrey E. Thompson

Dear Judge Kollar-Kotelly:

As requested, and as a follow-up to our letter, dated March 7, 2014, in the above
referenced matter, the government respectfully submits the following estimated offense levels
under the advisory United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")
and the District of Columbia Voluntary Sentencing Guidelines ("D.C. Voluntary Guidelines").

**Estimated Offense Level Under the Sentencing Guidelines**

The defendant is charged in Count One, pursuant to Title 18, United States Code, Section
371, with one count of conspiring to violate Title 2, United States Code, Sections 441a, 441b,
441f, and Title 26, United States Code, Section 7206(2). The government estimates that the
following Sentencing Guidelines apply to Count One where the objects of the conspiracy were to
violate the campaign finance laws and to submit a false return to the Internal Revenue Service:

**Campaign Finance Laws**

| | | |
|---|---|---|
| U.S.S.G. § 2C1.8(a) | Base Offense Level | 8 |
| U.S.S.G. § 2C1.8(b)(1) | Value of Transactions (More than $1,000,000) | 14 |
| U.S.S.G. § 2C1.8(b)(4) | More than 30 Transactions | 2 |
| U.S.S.G. § 3B1.3 | Organizer/Leader | 4 |
| U.S.S.G. § 3C1.1 | Obstruction | 2 |
| | Total | 30 |

The Honorable Colleen Kollar-Kotelly
March 8, 2014

### Internal Revenue Laws

| U.S.S.G. §§ 2T1.9(a)(1) and 2T4.1(F) | Base Offense Level | | 16 |
|---|---|---|---|
| U.S.S.G. § 3B1.3 | Organizer/Leader | | 4 |
| U.S.S.G. § 3C1.1 | Obstruction | | 2 |
| | | Total | 22 |

Because the offense level applicable to the campaign finance laws is higher than the offense level applicable to the internal revenue laws, the total offense level applicable to Count One of the Information is 30.

### Acceptance of Responsibility

A 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that the defendant clearly demonstrated acceptance of responsibility to the satisfaction of the Government through his allocution, adherence to every provision of the Plea Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming the defendant accepted responsibility as described in the previous sentence, an additional 1-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(b), because the defendant would have assisted authorities by providing timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines Offense Level would be 27.

### Estimated Applicable Sentencing Guidelines Range

Based upon the total offense level and an estimated Criminal History Category I, the defendant's estimated Sentencing Guidelines range for Count One is 70 months to 87 months, which exceeds both the statutory maximum sentence of 60 months and the parties' agreed sentencing limitation that any sentence of incarceration will not exceed 18 months. Further, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine for Count One at Guidelines level 27, the estimated applicable fine range is $12,500 to $125,000. In addition, the defendant has an obligation to cooperate as part of his Plea Agreement. If the government determined that the defendant provided substantial assistance pursuant to Section 5K1.1 of the Sentencing Guidelines, the government could move for a downward departure from the Sentencing Guidelines range.

### Estimated Offense Level under the D.C. Voluntary Guidelines

The defendant is charged in Count Two, pursuant to Section 22-1805a of the D.C. Code, with one count of conspiracy to defraud the District of Columbia and an agency thereof. Under

The Honorable Colleen Kollar-Kotelly
March 8, 2014

the D.C. Voluntary Guidelines, a conspiracy of the type at issue in this matter is treated as Offense Severity Group "M9." Based on the information currently available to the government, the defendant has no criminal history points. Therefore, the defendant's D.C. Voluntary Guidelines range on the Master Grid is 1 to 12 months, with prison, a short split, or probation as permissible sentences.

Please do not hesitate to contact us if Your Honor requires any additional information.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
D.C. Bar No. 447-889

By: _____
Michael K. Atkinson
Loyaan A. Egal
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C.  20530

cc:     Tobin J. Romero, Esq.  (*via* electronic mail)
        Alex G. Romain, Esq.  (*via* electronic mail)

3